Smith *v.* Smith.

SMITH *versus* SMITH.

On motion to reject an award of referees, the affidavit of the party is not evidence, that he was fraudulently induced to enter into the submission.

It is not essential to the validity of an award, that it should contain a statement of the referees' fees.

AWARD OF REFEREES. Defendant moved to set it aside, because : —

1. He entered into the submission, induced only by the deceptive contrivance of the plaintiff and his counsel.

2. One of the referees had prejudged the case, and previously expressed his opinion.

3. The referees did not agree upon the award.

4. They did not report the amount of their fees.

In support of the first ground of objection, the defendant

offered his own affidavit, which the court, RICE, J., rejected.

As to the second, there was some testimony. But the Judge did not consider that it proved the allegation made by the defendant.

Relative to the third, one of the referees testified that he did not agree to the award, but signed it, because told by the other referees, he would not otherwise be entitled to fees, and that his signature would not add to the validity of the award.

The award did not state the amount of the referees' fees. But they were inserted in an unauthenticated paper, made up by plaintiff's attorney, which was returned to the court in the same envelope with the award.

The award was accepted. The defendant excepted.

*Hutchinson,* for the defendant.

That the referees did not agree upon the award, is proved by the testimony of one of their number, disclosing the management, corruption and ignorance of the others, and that is good cause for setting aside the award.

The court has power to reduce the compensation of referees. R. S. chap. 138, sect. 11.

The amount of their claim should therefore be stated in their award. Proof *aliunde* is inadmissible.

*Abbott,* (to whose care the suit in this court was transferred,) for plaintiff.

SHEPLEY, C. J., orally. — The defendant's affidavit was inadmissible. The prejudication by one of the referees was not proved. It is to be considered that two only of the referees concurred in the award. But that circumstance alone does not invalidate it. The insertion of their fees in the award was mere matter in the discretion of the referees. They were not called upon to do it. No one appears to have been injured by the omission. It might perhaps be ground for recommitment. But that is not asked.

*Exceptions overruled.*